1  **SHANNON TAITANO, ESQ.**
   **OFFICE OF THE GOVERNOR OF GUAM**
2  Ricardo J. Bordallo Governor's Complex
   Adelup, Guam 96910
3  Telephone:    (671) 472-8931
4  Facsimile:    (671) 477-4826

5  **RODNEY J. JACOB, ESQ.**
   **DANIEL M. BENJAMIN, ESQ.**
6  **CALVO & CLARK, LLP**
7  Attorneys at Law
   655 South Marine Corps Drive, Suite 202
8  Tamuning, Guam 96913
   Telephone:    (671) 646-9355
9  Facsimile:    (671) 646-9403

10 Attorneys for Proposed Intervenor-Defendant
11 *Felix P. Camacho, Governor of Guam*

12

13              IN THE UNITED STATES DISTRICT COURT
                       DISTRICT OF GUAM
14

15 MARY GRACE SIMPAO, CHRISTINA          Civil Case No. CV04-00049
   NAPUTI, and JANICE CRUZ, on behalf of
16 themselves and a class of others similarly
   situated,
17
                                          **MEMORANDUM OF POINTS AND**
18              Plaintiffs,               **AUTHORITIES IN SUPPORT OF**
                                          **MOTION TO INTERVENE**
19      vs.
                                          **[ORAL ARGUMENT REQUESTED]**
20 GOVERNMENT OF GUAM,

21              Defendant,

22      vs.

23
   FELIX P. CAMACHO, in his official capacity as
24 Governor of Guam,

25              Proposed Intervenor-Defendant.

26

27

28

**ORIGINAL**

1    The Governor of Guam Felix P. Camacho (the "Governor") respectfully submits

2    this memorandum of points and authorities in support of his motion to intervene in this action as

3    an intervenor-defendant under Rule 24(a) of the Federal Rules of Civil Procedure ("FRCP") or,

4    alternatively, under Rule 24(b) of the FRCP.

5

6                                    **INTRODUCTION**

7            This putative class action is the last-filed of three cases in the District Court of

8    Guam seeking class-wide relief with regard to the application of the earned income tax credit

9    ("EIC") to Guam under the Guam Territorial Income Tax (the "GTIT"). As the District Court of

10   Guam previously held in two orders in the first of the three EIC actions, the *Santos* action,[1] the

11   Governor is charged with the administration of the GTIT under the Organic Act of Guam. The

12   Governor already is a party to the other two EIC actions, the *Santos* action and the *Torres* action.[2]

13   In *Santos*, the Governor has reached a settlement agreement with the court-appointed interim

14   class counsel and named plaintiff that, if approved by the Court, will resolve most if not all claims

15   of the potential class members in this action.

16

17           The Governor seeks to intervene in this action because his interests are not

18   adequately represented by the current parties. The Governor ultimately bears responsibility for

19   carrying out any judgment regarding the GTIT. However, the only named defendant is the

20   Government of Guam, represented by the Attorney General of Guam. As was already established

21   in the two previous orders of this Court in *Santos*, the Attorney General and Governor have

22   disagreed regarding their roles concerning the GTIT, and the District Court has held that such

23   matters are controlled by the Governor. More recently, the Attorney General failed to disclose

24

25   _____

26       [1] *Santos v. Camacho, et al.*, Guam Dist Ct. Civ. Case No. CV04-00006 (the "*Santos* action").

27

28       [2] *Torres v. Govt. of Guam, et al.*, Guam Dist Ct. Civil Case No. CV04-00038 (the "*Torres* action").

the existence of the settlement in *Santos* to this Court upon the Governor's request, and has yet to execute that settlement as to form and legality.

Accordingly, for the Governor's interests in this litigation to be represented, he therefore must intervene as of right (or, alternatively, permissively). This will permit him to assert the *Santos* settlement and judgment as a defense and to move to stay this action pending a determination in *Santos*, just as the Governor has already done in the *Torres* action. In compliance with FRCP 24(c), a proposed form of answer is attached hereto.

## FACTS

The *Santos* action was filed in February 2004. (Benjamin Decl. at Exh. A.) It sought to create a class action as to all persons alleged to be eligible to receive the EIC under the GTIT. (*See id.*) The named defendants included the Government, the Governor, and the Directors of Administration and Revenue & Taxation. (*Id.*)

In June 2004, while the Governor was off-island, a proposed $60 million class action settlement was reached the *Santos* action between the acting-Governor, the Attorney General, certain government officers, and the plaintiff and her counsel. (Benjamin Decl. Exh. B.) The agreement received preliminary approval on June 17, 2004. (*Id.* Exh. B.) On June 24, 2004, the Court stated that it would place ten percent of the $60 million, or $6 million, aside for potential attorneys' fees. (*Id.* Exh. C.)

Just days later, two motions to intervene were filed on behalf of putative class representatives by their respective counsel. (Benjamin Decl. Exh. E.) These were by Christina Naputi (one of the plaintiffs in this case) and Charmaine Torres. (*Id.*) On August 5, 2004, the District Court denied those motions. (Benjamin Decl. Exh. E).

In August 2004, Torres filed her own putative EIC class action, the *Torres* action. (Benjamin Decl. Exh. F.) The Governor, Attorney General, and Government are the named

1  defendants in that action. (*Id.*) Meanwhile, Naputi filed an appeal of the denial of intervention.

2  (Benjamin Decl. Exh. G).

3  In the *Santos* action, on October 13, 2004, the Governor received an opinion from

4  the Attorney General stating that the previous settlement was illegal. (Benjamin Decl. Exh. I).[3]

5
6  On October 28, 2004, the Governor instructed the Attorney General to take no further actions

7  pending a determination on legality. (*Id.* Exh. J). On November 8, 2004, the Attorney General

8  instead filed papers stating only that the Governor was having "second thoughts," and failing to

9  disclose that his own office had stated that continuing with the settlement could expose the

10  Governor to criminal misdemeanor liability under 5 G.C.A. § 22401. (*Id.* Exh. K).

11  In November 2004, the Governor filed an appearance in the *Santos* action through

12
13  independent counsel and objected to the settlement, raising the illegality issue. (Benjamin Decl.

14  L.) The Attorney General moved to strike this appearance. (Benjamin Decl. Exh. N.)

15  In December 2004, plaintiff Naputi dismissed her appeal of the intervention order

16  and filed this above-captioned action with plaintiff Mary Simpao (plaintiff Janice Cruz was added

17  later). (Benjamin Decl. ¶8 & Exh. M.) As with the previously filed *Santos* and *Torres* actions,

18  the plaintiffs sought to create a class action to recover the EIC under the GTIT. (Benjamin Decl.

19  Exh. M).

20
21  On February 9, 2005, the District Court of Guam denied the motion to strike in

22  *Santos*, holding that the Governor exclusively controlled the administration and execution of the

23  GTIT and was entitled to appear through counsel who advocated his views. (Benjamin Decl.

24  Exh. N). The Court subsequently denied a motion to reconsider this decision. (Benjamin Decl.

25  Exh. O).

26  _____

27      [3] The ground for this opinion was 5 G.C.A. § 22401, which, *inter alia*, makes it a criminal
28  misdemeanor to continue with a Government of Guam contract where there is no adequate fund
    or appropriation identified to pay for it.

1    In March 2005, in *Santos*, the Governor, the Directors of the Departments of

2    Administration and Revenue & Taxation, the Attorney General, the plaintiff, and her counsel

3    (who had been appointed Interim Class Counsel) agreed to enter into a mediation before JAMS

4    Mediator Catherine Yanni, Esq. (Benjamin Decl. Exh. P.) In May 2005, all parties and attorneys

5    to the mediation (except for the Attorney General) entered into a binding term sheet. (Benjamin

6    Decl. Exh. R.)

7

8    On June 7, 2005, the Governor through his attorneys requested that the Attorney

9    General give notice of the term sheet in this action. (Benjamin Decl. Exh. T.) The Attorney

10   General did not respond. (Benjamin Decl. ¶ 21.) The Governor was forced to file his own notice

11   in this action.

12

13   On June 20, 2005, all parties and attorneys to the *Santos* mediation (except for the

14   Attorney General) executed a binding settlement agreement for $90 million that expressly

15   addressed the funding issues that had caused legality concerns with regard to the last settlement.

16   (Benjamin Decl. Exh. U.) On June 20 and 21, 2005, they filed the necessary pleadings to request

17   preliminary approval of the settlement and conditional class certification so that they could

18   proceed with class notice. (Benjamin Decl. Exhs. V, W & X.) The Attorney General has yet to

19   approve the settlement as to form and legality. (Benjamin Decl. Exh. U at Signature Block.)

20

21   The Governor now brings this motion to intervene in light of: (1) his exclusive

22   control over the administration of the GTIT as established by the District Court of Guam; (2) his

23   status as a named defendant in two almost-identical putative EIC class actions; (3) the *Santos*

24   settlement and his need to be able to move to stay this action based on this settlement and to be

25   able to assert that settlement as a defense to this action; and (4) and the Attorney General's

26   apparent refusal to represent the Governor's position regarding the GTIT or *Santos* settlement. If

27   the motion is granted, the Governor will seek to defend his interests in this case, assert the

28

settlement as a defense, and move to stay this action pending a determination in *Santos* (a similar stay motion having been filed in *Torres* (*see* Benjamin Decl. Exh. Y)).

## ARGUMENT

### I.    INTERVENTION AS OF RIGHT

FRCP 24 "traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). In subpart (a), it states that a party may intervene as of right:

> (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FRCP 24(a). Based on this rule, the Ninth Circuit has adopted a four-prong test for intervention:

> A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki*, 324 F.3d at 1083 (citing *Donnelly*, 159 F.3d at 409). The Governor's motion to intervene as of right easily satisfies these four criteria.

First, this motion is timely. Pleadings only recently closed in this matter, with an amended answer having been filed on June 7, 2005. The only rulings on the merits that have occurred are on two issues that were prerequisites for this case to move forward: (1) that the EIC applied to Guam; and (2) that the Court had jurisdiction over the EIC claims. (*See* June 16, 2005 Order.) In that recent order, the Court instructed the plaintiffs that they now had to proceed with

1  attempting to determine if this action could be certified as a class action, and to proceed with this

2  case as a tax refund lawsuit. (*Id*.) Thus, this case is still at any early stage.

3         This motion also is timely because the Governor has acted swiftly once the need to

4
5  intervene arose. Previously, the Attorney General's interest in this litigation had been to defend

6  against it, much as had been the Governor's. However, as discussed above, in recent weeks the

7  Attorney General both has failed to execute the settlement as to legality and form and failed to

8  honor the Governor's request that the Attorney General alert the Court to the existence of the

9  settlement. Meanwhile, as he already has done in *Torres*, the Governor needs to be in a position

10  in this case both to assert the settlement as a defense and to ask the Court to stay this later-filed

11
12  case pending a determination on the settlement. Under such circumstances, the Governor's need

13  to protect his interests in the administration of the GTIT and regarding the settlement require that

14  he intervene in this litigation.

15         Second, the Governor has a significant protectable interest in this litigation. *See*

16  *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993) (requirement of significantly protectable

17  interest generally satisfied when "the interest is protectable under some law, and that there is a

18  relationship between the legally protected interest and the claims at issue"). Congress adopted the

19
20  Organic Act of Guam, 48 U.S.C. § 1421, *et seq*., to serve as the functional equivalent of Guam's

21  constitution. *Haeuser v. Dept. of Law*, 97 F.3d 1152, 1156 (9th Cir. 1996). The Organic Act

22  states:   "The administration and enforcement of the Guam Territorial Income Tax shall be

23  performed by or under the supervision of the Governor." 48 U.S.C. § 1421i(c). It further states

24  that the Governor has "the same administrative and enforcement powers and remedies with regard

25  to the Guam Territorial Income Tax as the Secretary of the Treasury, and other United States

26  officials of the executive branch, have with respect to the United States income tax." 48 U.S. C. §

27
28

1421i(d)(2). Accordingly, it is the Governor who sets and administers tax policy on behalf of the Government of Guam.

In fact, the District Court of Guam has already ruled that the Governor has a protected interest in advancing his views as to the application of the GTIT in Guam, holding that "the Organic Act grants the Governor <u>exclusive authority</u> to administer and enforce laws related to the GTIT." (Benjamin Decl. Exh. V at 3). It was for this reason it denied the Attorney General's motion to strike the appearances of independent counsel for the Governor in the *Santos* action. (*See* Benjamin Decl. Exhs. N & O). Thus, the second intervention prong is satisfied.

<u>Third</u>, the Governor is so situated that disposition of this proceeding will impair and impede his ability to protect his interest. If, for example, a class is certified in this action, it will very much interfere with carrying out the *Santos* settlement, which calls for a similar EIC class to be certified. Moreover, even if a class is not certified, any ruling on the merits that awards a tax refund to plaintiffs will require the Governor to enforce the judgment through the GTIT. *See* 48 U.S.C. § 1421i(h)(2) (stating that final tax refund judgments are paid by the Governor). And, such judgments also will have an arguable effect as persusive precedent on the other two EIC cases (*Santos* and *Torres*) in which the Governor is a named defendant. For all these reasons, disposition of this case will affect the Governor's protected interests in the administration and execution of the GTIT.

<u>Fourth</u>, the Governor's interests are not adequately represented. The Attorney General represents the Government of Guam as its attorneys. In *Santos*, the Attorney General and Governor disagreed regarding their roles concerning the GTIT, and the District Court held that such matters are controlled by the Governor. Now, in this case, the Attorney General failed to disclose the existence of the settlement in *Santos* to this Court upon the Governor's request, and has yet to execute that settlement as to form and legality. The Governor needs to intervene to be

able to protect his right to control the administration and execution of the GTIT, and to be able to assert the defenses and rights created by the *Santos* settlement in the event the Attorney General will not. *See Arakaki*, 324 F.3d at 1086 (stating test for adequacy of representation includes whether or not existing parties will advance intervenor's arguments). Further, the presence of the Governor—the office of the Government of Guam tasked with enforcing and administering the EIC—plainly adds an additional element to this litigation that can only help to definitively resolve this matter. *See id.*

The adequacy of representation issue also is controlled by the District Court's previous Orders in *Santos*, which have already recognized that the Attorney General does not adequately represent the Governor, who has a right to his own voice:

> If the Attorney General were to control all legal policy and litigation decisions for the Government of Guam, even those disputes arising from the [GTIT], then the Governor would be essentially striped of all power given to him by the Organic Act to administer and enforce the income tax laws. The Court will not place such a restriction on the Governor's power.

>                     *         *         *

> **[T]he Governor, not the Government of Guam or the Attorney General, is mandated to administer and enforce the laws pertaining to the [GTIT].** Accordingly, **the Governor must have a say in this action**.

(Benjamin Decl. Exh. N at 8 (emphasis added).) This was reiterated in the March 2, 2005 Order, which stated:

> The Attorney General contends that the Court should listen to him instead of the Governor, since the Attorney General is responsible for establishing a "coherent and uniform legal policy" for the Governor of Guam. On the other hand, as the chief executive officer of the Government of Guam granted with the additional exclusive authority to administer and enforce the GTIT laws, the Governor has the responsibility for setting a "coherent and uniform tax policy" for the island. **The Governor's authority would be rendered meaningless if the Attorney General were permitted to prevent the Governor from being heard in this action except**

**through him.** The Attorney General essentially seeks to supplant his decision for that of the Governor, and this Court will not allow such usurpation to occur.

(Benjamin Decl. Exh. O at 4.) Thus, for the forgoing reasons, the Governor may intervene as of right under FRCP 24(a).

## II. PERMISSIVE INTERVENTION

Alternatively, the Governor seeks permissive intervention under FRCP 24(b). That rule states that a party may intervene with the Court's permission: "(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." *See also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). FRCP 24(b) goes on to state that

> **When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action.** In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

FRCP 24(b) (emphasis added).

As already stated, the Governor believes that the Organic Act's tasking of his office to administer the GTIT creates a right to intervene as of right. *See* 48 U.S.C. § 1421i. However, even if the right were not absolute, it certainly would fall with the language of FRCP 24(b) allowing permissive intervention as to cases involving statutes administered by state or federal officials. *See* FRCP 24(b). Here, this lawsuit is about the proper application of the GTIT and EIC, and that application is controlled by the Governor. *See* 48 U.S.C. § 1421i.

The Governor's intervention will not cause any undue delay or prejudice. *See* FRCP 24(b). As already recited, this case is at any early stage and the need for him to separately

appear recently arose. The Governor's involvement in this case actually will benefit the case. The Governor controls the execution and administration of the GTIT, and ultimately sets the Government's policy on that matter. His presence can only facilitate the resolution of this litigation. Accordingly, permissive intervention should be permitted.

## CONCLUSION

For the foregoing reasons, the Governor asks that the Court grant his motion to intervene as of right, or in the alternative asks that the Court grant permissive intervention. His proposed form of answer is attached hereto as required by FRCP 24(c).

DATED this 27th day of June, 2005.

OFFICE OF THE GOVERNOR OF GUAM
CALVO & CLARK, LLP
Attorneys for Intervenor-Defendant
Felix P. Camacho, Governor of Guam

By: _____
DANIEL M. BENJAMIN

# ATTACHMENT

1  **SHANNON TAITANO, ESQ.**
   **OFFICE OF THE GOVERNOR OF GUAM**
2  Ricardo J. Bordallo Governor's Complex
3  Adelup, Guam 96910
   Telephone:     (671) 472-8931
4  Facsimile:     (671) 477-4826

5  **RODNEY J. JACOB, ESQ.**
   **DANIEL M. BENJAMIN, ESQ.**
6  **CALVO & CLARK, LLP**
7  Attorneys at Law
   655 South Marine Corps Drive, Suite 202
8  Tamuning, Guam 96913
   Telephone:     (671) 646-9355
9  Facsimile:     (671) 646-9403

10  Attorneys for Intervenor-Defendant
11  *Felix P. Camacho, Governor of Guam*

12

13                  IN THE UNITED STATES DISTRICT COURT
                          DISTRICT OF GUAM
14

15  MARY GRACE SIMPAO, CHRISTINA          | Civil Case No. CV04-00049
    NAPUTI, and JANICE CRUZ, on behalf of
16  themselves and a class of others similarly
    situated,
17
                          Plaintiffs,      | **[PROPOSED] ANSWER TO SECOND**
18                                          | **AMENDED COMPLAINT**
19              vs.

20  GOVERNMENT OF GUAM,

21                          Defendant,

22              vs.
23
    FELIX P. CAMACHO, in his official capacity as
24  Governor of Guam,

25                  Intervenor-Defendant.

26

27

28

**COMES NOW** Intervenor-Defendant Governor of Guam, Felix P. Camacho (the "Governor"), by and through his undersigned attorney, and for his Answer to Plaintiffs' Second Amended Complaint ("SAC") does hereby admit, deny and allege as follows:

## I.   INTRODUCTION

1.      Answering Paragraphs 1.1 and 1.2 of SAC, the Governor admits only that Plaintiffs take the positions set forth therein, but otherwise deny the same.

2.      Answering paragraph 1.3 of SAC, the Governor admits only that prior to 1995, qualified Guam individual income tax taxpayers could claim the Earned Income Tax Credit ("EIC") on Guam individual income tax returns, but otherwise denies Paragraph 1.3.

3.      Answering Paragraph 1.4 of SAC, the Governor admits only that for tax years 1995 and 1996, the Government of Guam (the "Government") stated on its published individual income tax returns that EIC was inapplicable in Guam, but otherwise denies Paragraph 1.4.

4.      Answering Paragraph 1.5 of SAC, the Governor admits only that for tax years 1997 and 1998, qualified Guam individual income tax taxpayers could claim the EIC under certain local laws, but otherwise denies Paragraph 1.5.

5.      Answering Paragraph 1.6 of SAC, the Governor admits only that the Government paid some EIC claims for tax year 1997, but otherwise denies Paragraph 1.6.

6.      Answering Paragraph 1.7 of SAC, the Governor admits only that for tax years 1999 through 2003, the Government either published on its individual income tax returns that EIC was not applicable in Guam or placed cross-hatching over the portion of the returns used to claim EIC, but otherwise denies Paragraph 1.7.

7.      Answering Paragraph 1.8 of SAC, the Governor admits only that in 2004 the Government paid an EIC claim of a taxpayer for 1998, but otherwise denies Paragraph 1.8.

8.     Answering Paragraph 1.9 of SAC, the Governor admits that Guam law provides for an Income Tax Refund Reserve, the provisions of which speak for themselves, and that the Government has not been able to fully comply therewith in part due to superceding laws, and denies the remainder of Paragraph 1.9.

9.     Answering Paragraphs 1.10, 1.11 and 1.12 of SAC, the Governor admits that Plaintiffs take the positions set forth therein, but otherwise denies the same.

## II. JURSIDICTION AND VENUE

10.     Answering Paragraph 2.1 of SAC, the Governor admits only that the Court generally has original jurisdiction over income tax refund claims pursuant to 48 U.S.C. §1421i(h) and generally has supplemental jurisdiction of non-Federal claims pursuant to 28 U.S.C. §1367, but otherwise denies Paragraph 2.1.

## III. THE PARTIES

11.     Answering Paragraph 3.1 of SAC, the Governor admits that the Government has admitted that Plaintiff Naputi is a resident of Guam and that Plaintiff Naputi filed income tax returns with the Government for tax years 2000 and 2001. On information and belief, the Government has not verified whether Plaintiff Naputi filed income tax returns with the Government for tax years 2002 through 2004 and the Governor therefore denies the same. The Governor admits that the Government has admitted that Plaintiff Naputi did not receive any EIC refunds for the above years. The Governor denies the remainder of Paragraph 3.1.

12.     Answering Paragraph 3.2 of SAC, the Governor admits that the Government has admitted that Plaintiff Simpao is a resident of Guam and that Plaintiff Simpao filed an income tax return with the Government for tax year 1996. On information and belief, the Government has not verified whether Plaintiff Simpao filed income tax returns with the Government for tax years 1997 through 2004 and the Governor therefore denies the same. The

1  Governor admits that the Government has admitted that Plaintiff Simpao has not received any
2  EIC refunds for the above years except that the Government has stated it has not verified whether
3  Plaintiff Naputi received an EIC refund for 1997 and therefore the Governor denies the same.
4  The Governor denies the remainder of Paragraph 3.2.
5
6       13.    Answering Paragraph 3.3 of SAC, the Governor admits that the
7  Government has admitted that Plaintiff Cruz is a resident of Guam and that Plaintiff Cruz filed
8  income tax returns for tax years 1995 through 2003. On information and belief, the Government
9  has not verified at this time whether Plaintiff Cruz filed an income tax return with the
10  Government for 2004 and therefore the Governor denies the same. The Governor admits that the
11  Government had admitted that Plaintiff Cruz filed EIC claims for tax years 1997 and 1998, and
12  that Plaintiff Cruz did not receive any EIC refunds for the above years except that the
13  Government has stated it has not verified at this time whether Plaintiff Cruz received an EIC
14
15  refund for 1997 and therefore the Governor denies the same. The Governor denies the remainder
16  of Paragraph 3.3.
17       14.    Answering Paragraph 3.4 of SAC, the Governor admits the same.
18                          **IV. FACTUAL ALLEGATIONS**
19
20       **A.    History of the EIC in Guam.**
21       15.    Answering Paragraphs 4.1 and 4.2 of SAC, the Governor admits only that
22  the Organic Act of Guam speaks for itself with respect to the Guam Territorial Income Tax, 48
23  U.S.C. §1421i, but otherwise denies Paragraphs 4.1 and 4.2.
24       16.    Answering Paragraphs 4.3 and 4.4 of SAC, the Governor admits only on
25  information and belief that some EIC claims were filed with the Government for tax years 1975
26  through 1994, but otherwise denies Paragraphs 4.3 and 4.4.
27
28

1    17.    Answering Paragraph 4.5 of SAC, the Governor admits only that the

2    Attorney General's Office issued Memorandum Opinion No. DOA 89-0750 on June 23, 1989,

3    which Opinion speaks for itself, but otherwise denies Paragraph 4.5.

4
5    18.    Answering Paragraphs 4.6, 4.7 and 4.8 of SAC, the Governor admits only

6    that the Department of Revenue and Taxation issued Revenue Ruling 96-001 and the Attorney

7    General's Office issued Memorandum Opinion DRT/DOA 96-001, all of which speak for

8    themselves, but otherwise denies Paragraphs 4.6, 4.7 and 4.8.

9    19.    Answering Paragraph 4.9 of SAC, the Governor admits only that Guam

10   individual income tax returns for 1996 included the words "not applicable in Guam" in the

11   section used to claim EIC, that no other official Guam forms were made available to claim EIC,

12
13   and admits on information and belief that the same was true for 1995, but otherwise denies

14   Paragraph 4.9.

15   20.    Answering Paragraph 4.10 of SAC, the Governor admits the same on

16   information and belief.

17   21.    Answering Paragraph 4.11 of SAC, the Governor admits only that Public

18   Law 23-74, 11 G.C.A. §42101 *et seq.*, is a law of Guam, but otherwise denies Paragraph 4.11.

19   The Governor further denies that the funding was "continuous."

20
21   22.    Answering Paragraph 4.12 of SAC, the Governor admits the same.

22   23.    Answering Paragraphs 4.13 and 4.14 of SAC, the Governor admits only

23   that most EIC claims were paid for tax year 1997, but otherwise denies Paragraphs 4.13 and 4.14.

24   24.    Answering Paragraphs 4.15, 4.16 and 4.17 of SAC, the Governor admits

25   only that individual income tax returns for some years during the period 1999 – 2003 included the

26   words "not applicable" over the section for claiming EIC, that no other official Guam forms were

27
28

made available to claim EIC and that the Supreme Court of Guam issued an advisory opinion in 2001 with respect to EIC  The Governor otherwise denies Paragraphs 4.15, 4.16 and 4.17.

25.     Answering Paragraph 4.18 and 4.19 of SAC, the Governor admits on information and belief that the Government had not paid any EIC for tax years 1995, 1996, 1999 – 2003, with one exception for 1998, but otherwise denies Paragraphs 4.18. and 4.19.

**B.     The Income Tax Refund Reserve Fund and Tax Refund Efficient Payment Trust Fund**

26.     Answering Paragraphs 4.20 through 4.27of SAC, the Governor  admits only that the provisions of the Income Tax Refund Reserve Fund, 11 G.C.A. §50101, *et seq.*, and the provisions of the Refund Efficient Payment Trust Fund, 11 G.C.A. §51101, *et seq.*, speak for themselves, but otherwise deny Paragraphs 4.20 through 4.27.

27.     Answering Paragraph 4.28 of SAC, the Governor is without information or belief at this time regarding the same and, therefore, denies Paragraph 4.28.

**C.     The Plaintiffs' Experience with the EIC.**

**(1)     Plaintiff Naputi.**

28.     Answering Paragraph 4.29 of SAC, the Governor admits that the Government has admitted that Plaintiff Naputi has been a resident of Guam for all relevant tax years and that she filed income tax returns with the Government for tax years 2000 and 2001. On information and belief, the Government has not verified whether Plaintiff Naputi filed tax returns with the Government for tax years 2002 and 2004 and the Governor therefore denies the same,. The Governor denies the remainder of Paragraph 4.29.

29.     Answering Paragraphs 4.30 and 4.31 of SAC, the Governor admits that the Government has admitted that Plaintiff Naputi has not received any EIC refunds for the years in question. The Governor denies the remainder of Paragraphs 4.30 and 4.31.

30.     Answering Paragraphs 4.32 and 4.33 of SAC, the Governor admits that the Government has admitted that Plaintiff Naputi did not receive a notice of disallowance for EIC for the years in question because she did not make a claim for EIC. The Governor denies the remainder of Paragraphs 4.32 and 4.33.

**(2)     Plaintiff Simpao**

31.     Answering Paragraph 4.34 of SAC, the Governor admits that the Government has admitted that Plaintiff Simpao has been a resident of Guam for the relevant tax years and that she filed an income tax return with the Government for tax year 1996. On information and belief, the Government has not verified whether she filed returns with the Government for tax years 1997 – 2004 and the Governor therefore denies the same. The Governor denies the remainder of Paragraph 4.34.

32.     Answering Paragraph 4.35 of SAC, the Governor denies the same.

33.     Answering Paragraphs 4.36 and 4.39 of SAC, the Governor denies the same.

34.     Answering Paragraph 4.37 of SAC, the Governor admits that the Government has admitted on information and belief only that Plaintiff Simpao did not receive an EIC refund or EIC offset against taxes for 1996, 1997, 1998, 2002 or 2003, but otherwise denies Paragraph 4.37.

35.     Answering Paragraph 4.38 of SAC, the Governor admits only that that the Government has admitted Plaintiff Simpao did not receive from the Government a formal disallowance of an EIC claim for 1996, 1997, 1998, 2002 or 2003 because she did not file an EIC claim, but otherwise denies Paragraph 4.38.

1

**(3)    Plaintiff Cruz.**

2        36.    Answering Paragraph 4.40 of SAC, the Governor admits that the

3    Government has admitted that Plaintiff Cruz has been a resident of Guam during all relevant tax

4
     years and that for tax years 1995 through 2003 she filed income tax returns with the Government.
5
     On information and belief, the Government has not yet verified whether she filed a tax return with
6
7    the Government for 2004 and therefore the Governor denies the same.  The Governor denies the

8    remainder of Paragraph 4.40.

9        37.    Answering Paragraph 4.41 of SAC, the Governor admits that the

10   Government has admitted that Plaintiff Cruz filed Guam EIC applications for 1997 and 1998 and

11   denies the remainder of Paragraph 4.41.
12
         38.    Answering Paragraph 4.42 of SAC, the Governor denies the same for lack
13
14   of information.

15       39.    Answering Paragraph 4.43 of SAC, the Governor admits that the

16   Government has admitted the same.

17       40.    Answering Paragraphs 4.44 and 4.45 of SAC, the Governor admits that the

18   Government has admitted that Plaintiff Cruz did not receive formal notice of disallowance for

19   EIC claims because she did not file claims for EIC for any of the years in question except for
20
     1997 and 1998 and denies the remainder of Paragraphs 4.44 and 4.45.
21

22       **D.    Taxpayers' Efforts to Recover the EIC through Litigation.**

23       41.    Answering Paragraphs 4.46, 4.47 and 4.48 of SAC, the Governor admits

24   only that *Santos v. Camacho, et al.*, District Court of Guam Civil No. 04-00006, was filed on

25   February 12, 2004, that the allegations of the CLASS ACTION PETITION FOR RECOVERY

26   OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE

27   OF MANDAMUS in that case speak for themselves, but otherwise denies Paragraphs 4.46, 4.47

28

1 | and 4.48.

2 |       42. Answering Paragraphs 4.49 and 4.50 of SAC, the Governor admits that the
3 | Court in *Santos v. Camacho, et al.*, entered a STIPULATED ORDER GRANTING
4 |
5 | PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, and that the settlement
6 | class was expanded as stated in the said STIPULATED ORDER, but otherwise denies Paragraphs
7 | 4.49 and 4.50.

8 |       43. Answering Paragraph 4.51 of SAC, the Governor admits only that Plaintiff
9 | Naputi sought to intervene in *Santos v. Camacho, et al.*, that her petition to intervene was denied
10 | by the Court on August 5, 2004, which order speaks for itself, but otherwise denies Paragraph
11 | 4.51.
12 |

13 |       44. Answering Paragraph 4.52 of SAC, the Governor admits only that
14 | Plaintiffs filed this action, and that the allegations of the SECOND AMENDED COMPLAINT
15 | speak for themselves, but otherwise denies Paragraph 4.52.

16 | **V. CLASS ACTION ALLEGATIONS**

17 |     **A. The Proposed Classes.**

18 |       45. Answering Paragraphs 5.1 through 5.10, inclusive, of SAC, the Governor
19 | admits only that Plaintiffs seek to represent several proposed classes of individuals, including a
20 |
21 | subclass, but otherwise denies Paragraphs 5.1 through 5.10.

22 |     **B. The Requirements of Fed. R. Civ. P. 23(a).**

23 |       46. Answering Paragraphs 5.11 through 5.32, inclusive, of SAC, the Governor
24 | admits only that Plaintiffs have alleged that the proposed classes of individuals, including the
25 | subclass, meet the requirements of Fed. R. Civ. P. 23(a), but otherwise denies Paragraphs 5.11
26 | through 5.32.
27 |
28 |

C. **The Requirements of Fed. R. Civ. P. 23(b).**

47.    Answering Paragraphs 5.33 through 5.40, inclusive, of SAC, the Governor denies Paragraphs 5.33 through 5.40.

## VI.    CLAIMS

A. **Claim One – Action for Declaratory Relief Regarding Sufficiency of Certain EIC Administrative Claims Already Made.**

48.    Answering Paragraph 6.1 of SAC, the Governor admits and denies the same in the identical manner that the Governor admitted and denied the previous allegations of SAC.

49.    Answering Paragraphs 6.2 and 6.3 of SAC, the Governor admits only that Plaintiffs have asserted Claim One on behalf of themselves and all members of the proposed Claims Made Class, and that Plaintiffs have asserted that Plaintiffs' allegations concerning Claim One apply for any or all of tax years 1995, 1996 and 1999 – 2003 unless otherwise stated, but otherwise denies Paragraphs 6.2 and 6.3.

50.    Answering Paragraph 6.4 of SAC, the Governor admits that the Government has admitted the same.

51.    Answering Paragraph 6.7 of SAC, the Governor admits only that an EIC is treated as an overpayment of taxes for administrative purposes, and denies that it is an overpayment as that term is used in the vernacular.

52.    Answering Paragraph 6.5, 6.9, 6.10, 6.11, 6.12, 6.13 and 6.14 of SAC, the Governor denies the same.

53.    Answering Paragraph 6.6 of SAC, the Governor is without information or belief at this time regarding the same, and, therefore, denies Paragraph 6.6.

54.    Answering Paragraph 6.8 of SAC, the Governor admits only that 26 U.S.C. §6402(a) speaks for itself, but otherwise denies Paragraph 6.8.

**B.** **Claim Two – Action for Declaratory Relief Regarding Application of 26 U.S.C. §6511 to Certain Plaintiffs' Right to Claim an EIC.**

55. Answering Paragraph 6.15 of SAC, the Governor admits and denies the same in the identical manner that the Governor admitted and denied the previous allegations of SAC.

56. Answering Paragraph 6.16 and 6.17 of SAC, the Governor admits only that Plaintiffs have asserted Claim Two on behalf of themselves and all members of the proposed Potentially Time Barred Subclass of the Claims Made Class, and that Plaintiffs have asserted that Plaintiffs' allegations concerning Claim Two apply for any or all of tax years 1995, 1996 and 1999 unless otherwise stated, but otherwise denies Paragraphs 6.16 and 6.17.

57. Answering Paragraph 6.18 of SAC, the Governor admits only that the income tax return forms made available by the Governor speak for themselves, but otherwise denies Paragraph 6.18.

58. Answering Paragraph 6.19 through 6.27, inclusive, of SAC, the Governor denies the same.

**C.** **Claim Three – For Injunctive [and] Declaratory Relief Providing Notice of the Entitlement to the EIC and Availability of a Procedure to Make a Claim for Refund of an EIC Overpayment.**

59. Answering Paragraph 6.28 of SAC, the Governor admits and denies the same in the identical manner that the Governor admitted and denied the previous allegations of SAC.

60. Answering Paragraphs 6.29 and 6.30 of SAC, the Governor admits only that Plaintiffs have asserted Claim Three on behalf of themselves and all members of the Claims Made Class, in addition, and as an alternative, to Claim One, and that Plaintiffs have asserted that Plaintiffs' allegations concerning Claim Three apply for any or all of tax years 1995, 1996 and 1999 – 2003 unless otherwise stated, but otherwise denies Paragraphs 6.29 and 6.30.

61.    Answering Paragraph 6.31 of SAC, the Governor admits only that 26 U.S.C. §6511 speaks for itself, but otherwise denies Paragraphs 6.31.

62.    Answering Paragraphs 6.32 through 6.39, inclusive, of SAC, the Governor denies the same.

**D.    Claim Four – Claim for Refund of Tax Overpayment Pursuant to 26 U.S.C. §7422.**

63.    Answering Paragraph 6.40 of SAC, the Governor admits and denies the same in the identical manner that the Governor admitted and denied the previous allegations of SAC.

64.    Answering Paragraphs 6.41 and 6.42 of SAC, the Governor admits only that Plaintiffs have asserted Claim Four on behalf of themselves and all members of the Refund Class, and that Plaintiffs have asserted the Plaintiffs' allegations concerning Claim Four apply for any or all of tax years 1995 – 2003 unless otherwise stated, but otherwise denies Paragraphs 6.41 and 6.42.

65.    Answering Paragraphs 6.43, 6.45 and 6.46 of SAC, the Governor denies the same.

66.    Answering Paragraph 6.44 of SAC, the Governor admits only that 26 U.S.C. §6402(a) speaks for itself, but otherwise denies Paragraph 6.44.

**E.    Claim Five – Claim for Declaratory Relief Regarding Future Refunds of Tax Overpayments Associated with the EIC.**

67.    Answering Paragraph 6.47 of SAC, the Governor admits and denies the same in the identical manner that the Governor admitted and denied the previous allegations of SAC.

68.    Answering Paragraphs 6.48 and 6.49 of SAC, the Governor admits only that Plaintiffs have asserted Claim Five on behalf of themselves and all members of the Future

Refund Class, and that Plaintiffs have asserted that Plaintiffs' allegations concerning Claim Five apply for tax year 2000 and any or all subsequent tax years in which the EIC remains authorized by law, but otherwise denies Paragraphs 6.48 and 6.49.

69. Answering Paragraph 6.50 of SAC, the Governor admits the same.

70. Answering Paragraph 6.51 of SAC, the Governor is without information or belief at the present time as to whether Plaintiffs are eligible, or will be eligible, for EIC during any of the tax years subject to Claim Five and, therefore, denies Paragraph 6.51.

71. Answering Paragraphs 6.52 and 6.53 of SAC, the Governor admits only that 26 U.S.C. §6402 and §6511 speak for themselves, but otherwise denies Paragraphs 6.52 and 6.53.

72. Answering Paragraphs 6.54 and 6.55 of SAC, the Governor admits only that the Attorney General's opinions since June 23, 1989 relating to the EIC and the income tax return forms made available by the Government with respect to the EIC speak for themselves, but otherwise denies Paragraphs 6.54 and 6.55.

73. Answering Paragraphs 6.56 and 6.57 of SAC, the Governor denies the same.

**F.** **Claim Six – For Injunctive Relief Requiring the Government to Comply with Provisions of 11 G.C.A. §50101 *et seq.* and 11 G.C.A. §51101 *et seq.* Requiring Establishment and Funding of a Reserve Fund and Trust Fund, Respectively.**

74. Answering Paragraph 6.58 of SAC, the Governor admits and denies the same in the identical manner that he has admitted and denied the previous allegations of SAC.

75. Answering Paragraphs 6.59 and 6.60 of SAC, the Governor admits only that Plaintiffs have asserted Claim Six on behalf of themselves and all members of the Refund Class and the Future Refund Class, and that Plaintiffs have asserted that Plaintiffs' allegations

1  concerning Claim Six apply for all tax years 1995 through the present tax year unless otherwise

2  stated, but otherwise denies Paragraphs 6.59 and 6.60.

3      76.     Answering Paragraphs 6.61 and 6.62 of SAC, the Governor admits only

4  that 11 G.C.A. §50101 *et seq.* and §51101 *et seq.* speak for themselves, but otherwise denies

5

6  Paragraphs 6.61 and 6.62.

7      77.     Answering Paragraphs 6.63, 6.64 and 6.65 of SAC, the Governor denies

8  the same.

9      78.     The Governor denies the entirety of Plaintiffs Prayer for Relief.

10              **VII.   AFFIRMATIVE DEFENSES**

11     For Affirmative Defenses to SAC, the Governor asserts as follows:

12

13     79.     The Court lacks subject matter jurisdiction over Plaintiffs' claims for

14  declaratory and injunctive relief because the Government's and/or Governor's sovereign

15  immunity from suit precludes such claims.

16     80.     The Court lacks subject matter jurisdiction over Plaintiffs' claim for

17  injunctive relief because such relief is prohibited by the Anti-Injunction Act, 26 U.S.C. §7421.

18     81.     The Court lacks subject matter jurisdiction over Plaintiffs' claims for

19  declaratory relief because such relief does not exist in income tax refund actions under the

20

21  Organic Act of Guam and the Internal Revenue Code, or is not permitted under the Declaratory

22  Judgment Act, 28 U.S.C. §2201, because the Guam Territorial Income Tax is a Federal tax

23  created by and imposed on Guam by Congress.

24     82.     The Court lacks subject matter jurisdiction over Plaintiff Naputi's claims

25  for a money judgment because Plaintiff Naputi has not filed any administrative EIC refund claims

26  with the Government for tax years 2001, 2002 and 2004.

27

28

83.     The Court lacks subject matter jurisdiction over the claims of Plaintiffs Simpao and Cruz for a money judgment because they have not filed any administrative EIC refund claims with the Government for tax years 1995, 1996 and 1999 through 2004.

84.     The Court lacks subject matter jurisdiction over the claims of Plaintiffs Simpao and Cruz for a money judgment for all tax years prior to 2001 because said claims are barred by the statute of limitations.

85.     All of Plaintiffs' claims for equitable and declaratory relief are barred by laches because Plaintiffs did not timely commence this action.

86.     All of Plaintiffs' claims for equitable and declaratory relief fail to state a claim upon which relief can be granted because they comprise a civil rights action under 42 U.S.C. §1983 which is precluded against the Government.

87.     All of Plaintiffs' claims for equitable and declaratory relief pertaining to tax returns having a due date prior to April 15, 2002 are barred by the statute of limitations.

88.     Plaintiff Simpao has failed to state a claim for EIC refunds pertaining to tax years 1999, 2000 and 2001 because the filing statute indicated on her income tax returns for these years was "married filing separately."

89.     Plaintiffs' class action claims do not state a claim upon which relief can be granted because class actions are not allowed in income tax refund suits.

90.     Plaintiffs' claims and/or the putative class claims are or will be barred, released, estopped, or otherwise precluded by the June 20, 2005 settlement agreement in *Santos v. Camacho, et al.* and/or the judgment in that action upon final approval of that agreement, final class certification, and entry of judgment.

91.     Plaintiffs have failed to join an indispensable party or parties under FRCP 19.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, the Governor prays as follows:

    (a)    That the Second Amended Complaint be dismissed with prejudice;

    (b)    That the Governor be awarded its costs and attorney fees;

    (c)    That the Governor be awarded such other or additional relief as may be determined to be appropriate under the circumstances.

DATED this 27th day of June, 2005.

OFFICE OF THE GOVERNOR OF GUAM
CALVO & CLARK, LLP
Attorneys for Intervenor-Defendant
Felix P. Camacho, Governor of Guam

By: _____
        DANIEL M. BENJAMIN